No. 213
FRANKLIN BOND & INVESTMENT COMPANY v. LONG

Ohio Appeals, 4th Dist., Franklin County
No. 1103. Decided Nov. 27, 1923

1195. TRIAL — Submission of question whether new agreement was made between mortgagor and mortgagees is question for jury.

229. CHATTEL MORTGAGES—Burden is on mortgagor asserting new agreement to sell to overcome presumption against sale of mortgaged property.

1025. REPLEVIN — Mortgagee having waived right to prevent sale of property can-

not replevin same property in hands of innocent person.

ALLREAD, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action in replevin. The property involved in the replevin was an Oakland automobile. The original owner of the car, a dealer in automobiles, mortgaged it to the Franklin Bond & Investment Company. Later he sold the automobile to the defendant, Long, in the ordinary course of his business for full value. The Franklin Bond & Investment Company brought an action of replevin against Long. Long's answer consisted of several defenses—a general denial; the defense that the mortgagee agreed and permitted the mortgagor to sell the mortgaged property free of the mortgage, and that the defendant purchased it without knowledge of its existence; and a defense that a new agreement was made between the mortgagor and mortgagee whereby the original mortgage was released and new security taken for the indebtedness. The trial resulted in a judgment for the defendant, whereupon the plaintiff prosecuted error. The Court of Appeals held:

1. While there was some conflict as to whether a new agreement was made between the mortgagor and the mortgagee, nevertheless the matter was for the jury and the court committed no prejudicial error in charging on that point.

2. As the mortgage in question provided against the sale of the property by the mortgagor, a presumption arose in favor of the mortgagee that he would not set aside or waive this provision, and the burden was upon the defendant to overcome this presumption. Therefore, the court committed no error in charging the jury on this point.

3. In cases where the mortgagee himself waives his rights by consent to the sale of the mortgaged property he is bound thereby and waives his right to repudiate the sale and claim the property in the hands of the innocent purchaser.

Attorneys—Charles S. Druggan, for Investment Co.; Hamilton & Kennedy, for Long, all of Columbus.